**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

```
THOMAS CHANOUX,                     :
                                    :  Civil Action No. 09-2880 (RMB)
          Plaintiff,                :
                                    :
                                    :
          v.                        :  OPINION
                                    :
CAPE MAY COUNTY, NJ, et al.,        :
                                    :
          Defendants.               :
```

**APPEARANCES**:

    THOMAS CHANOUX, Plaintiff pro se
    #199601C/638717
    Bayside State Prison
    4293 Route 47
    Leesburg, New Jersey 08327

    STEPHEN E. SIEGRIST, ESQ.
    O'CONNOR, KIMBALL, LLP
    51 Haddonfield Road, Suite 330
    Cherry Hill, New Jersey 08002-4805
    Counsel for Defendants, Cape May County Jail Doctor/Medical Staff

**BUMB**, District Judge

    Plaintiff, Thomas Chanoux, a state inmate currently confined at the Bayside State Prison in Newton, New Jersey, filed this motion to amend his Complaint on or about February 8, 2010. (Docket entry no. 13). This motion is being considered on the papers, pursuant to Fed.R.Civ.P. 78. For the reasons set forth below, plaintiff's motion will be denied for failure to state a

claim, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).[1]

## I. BACKGROUND

Plaintiff, Thomas Chanoux ("Chanoux"), brings this civil action, pursuant to 42 U.S.C. § 1983, alleging that, due to overcrowded conditions at the Cape May County Jail, he fell off a stool while trying to navigate over sleeping inmates and/or bed rolls, causing plaintiff to "break [his] face off of cross member of bed." Chanoux further alleges that there was no investigation of the incident, and that he waited for two months for medical care for his injury. He finally was treated by an "outside" doctor, who cauterized plaintiff's nose. (Complaint, ¶ 6).

Chanoux named the following defendants in his initial Complaint: Cape May County, NJ; Warden Donald Lombardo; Cape May County Jail; Cape may County Sheriff's Department; Cape May County Jail Doctor/Medical Staff; and Cape May County Office of County Counsel. Chanoux did not allege any personal involvement

---

[1] The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires a district court to review a complaint in a civil action in which a prisoner is proceeding in forma pauperis or seeks redress against a governmental employee or entity. The Court is required to identify cognizable claims and to sua sponte dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. Chanoux's proposed amendment to his Complaint is subject to sua sponte screening for dismissal under both 28 U.S.C. § 1915(e)(2)(B) and § 1915A.

with respect to these defendants, except the Cape May County Jail Doctor/Medical Staff, other than to say that these defendants are responsible for the daily operations and management of the Cape May County Jail.  (Compl., ¶¶ 4b-f).

Chanoux sought injunctive relief with respect to the conditions of the jail, asking that defendants be made to change the way they run the jail.  He also asked for an unspecified amount in punitive damages for his pain and suffering.  (Compl., ¶ 7).

In an Opinion and Order entered by this Court on December 3, 2009, this Court allowed plaintiff's denial of medical care claim against the Cape May County Jail Doctor/Medical Staff defendants to proceed, but dismissed the Complaint as to the named supervisory defendants, Cape May County, Warden Donald Lombardo, Cape May County Jail, Cape may County Sheriff's Department, and the Cape May County Office of County Counsel, for failure to state a claim.  Specifically, the Court found that Chanoux failed to allege any facts to show that the purported conditions of overcrowding at the Cape May County Correctional Center rose to the level of a constitutional deprivation as set forth in <u>Hubbard v. Taylor</u>, 538 F.3d 229 (3d Cir. 2008)(<u>Hubbard II</u>).  Chanoux did not allege that he endured these conditions of overcrowding for a substantial period of time, and he made no other allegations other than the fact that, on one occasion, he fell from a stool

while climbing over an inmate and bed roll so as to get to his cell.  Moreover, Chanoux is no longer confined at the jail, and therefore, any request for injunctive relief, as sought in the initial Complaint, was rendered moot.

Further, the Court concluded that, at best, Chanoux was simply alleging a claim of negligence, where he fell from a stool while climbing over an inmate sleeping on the floor. Accordingly, because the allegations in the initial Complaint failed to demonstrate a claim of constitutional magnitude, and because it did not appear that Chanoux could amend his Complaint to state a viable claim against the supervisory defendants, the Court dismissed the Complaint with prejudice, as against those defendants, for failure to state a claim, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

On or about February 8, 2010, Chanoux filed a motion to amend his Complaint.  (Docket entry no. 13).  On closer inspection of the letter motion submitted, it appears that plaintiff is disagreeing with the Court's ruling in its December 3, 2009 Opinion and Order, as set forth above, as well as alleging a new claim of harassment.

In particular, Chanoux recounts in more detail how his "accident" occurred and submits a self-drawn floor plan of the area where he fell.  He also submits a copy of a New Jersey state tort claim notice he purportedly filed with respect to the

4

accident.  It appears that Chanoux takes issue with the fact that no investigation of his accident was conducted.  He alleges that correctional officers told him many times that plaintiff "needed to duck", insinuating that his accident was actually a fight with another inmate as opposed to falling from the stool.  Chanoux also alleges that the correctional officers who took plaintiff to the hospital threatened to "sho[o]t and drag" plaintiff back to jail if he complained.  Chanoux further alleges that he was denied or delayed medical treatment, however, these allegations were substantially similar to his claim against the Cape May County Jail Doctor/Medical Staff defendants, which has proceeded at this time.  Finally, Chanoux alleges that Cape May County Jail is "responsible for [his] fall and also the neglect they showed." (Proposed amendment, Docket entry no. 13).

## II.  DISCUSSION

A.  Standard for Sua Sponte Screening

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff.  See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007)(following Estelle v. Gamble, 429 U.S. 97, 106 (1976) and Haines v. Kerner, 404 U.S. 519, 520-21 (1972)).  See also United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992).  The Court must "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them

5

in the light most favorable to the plaintiff." Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997). The Court need not, however, credit a pro se plaintiff's "bald assertions" or "legal conclusions." Id.

Recently, the Supreme Court refined the standard for summary dismissal of a Complaint that fails to state a claim in Ashcroft v. Iqbal, 129 S.Ct. 1937 (2009). The issue before the Supreme Court was whether Iqbal's civil rights complaint adequately alleged defendants' personal involvement in discriminatory decisions regarding Iqbal's treatment during detention at the Metropolitan Detention Center which, if true, violated his constitutional rights. Id. The Court examined Rule 8(a)(2) of the Federal Rules of Civil Procedure which provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2).[2] Citing its recent opinion in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), for the proposition that "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555), the Supreme Court identified two working principles underlying the failure to state a claim standard:

---

[2] Rule 8(d)(1) provides that "[e]ach allegation must be simple, concise, and direct. No technical form is required." Fed.R.Civ.P. 8(d).

> First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice ... . Rule 8 ... does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not "show[n]"-"that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2).

Iqbal, 129 S.Ct. at 1949-1950 (citations omitted).

The Court further explained that

> a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

Iqbal, 129 S.Ct. at 1950.

Thus, to prevent a summary dismissal, civil complaints must now allege "sufficient factual matter" to show that a claim is facially plausible. This then "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 1948. The Supreme Court's ruling in Iqbal emphasizes that a plaintiff must demonstrate that the allegations of his complaint are plausible. Id. at 1949-50; see

also Twombly, 505 U.S. at 555, & n.3; Fowler v. UPMC Shadyside, 578 F.3d 203, 210(3d Cir. 2009).

This Court is mindful, however, that the sufficiency of a pro se pleading must be construed liberally in favor of the plaintiff, even after Iqbal. See Erickson v. Pardus, 551 U.S. 89 (2007). Moreover, a court should not dismiss a complaint with prejudice for failure to state a claim without granting leave to amend, unless it finds bad faith, undue delay, prejudice or futility. See Grayson v. Mayview State Hosp., 293 F.3d 103, 110-111 (3d Cir. 2002); Shane v. Fauver, 213 F.3d 113, 117 (3d Cir. 2000).

B. Negligence/Conditions Claim Against Supervisory Defendants

In his amendment, Chanoux appears to be asking the Court to reconsider its dismissal of the supervisory defendants from this action with respect to the conditions of confinement claim. Accordingly, the Court will construe the amendment in this regard as a motion for reconsideration.

Motions for reconsideration are not expressly recognized in the Federal Rules of Civil Procedure. United States v. Compaction Sys. Corp., 88 F. Supp.2d 339, 345 (D.N.J. 1999). Generally, a motion for reconsideration is treated as a motion to alter or amend judgment under Fed.R.Civ.P. 59(e), or as a motion for relief from judgment or order under Fed.R.Civ.P. 60(b). Id. In the District of New Jersey, Local Civil Rule 7.1(i) governs

motions for reconsideration.  Bowers v. Nat'l. Collegiate Athletics Ass'n., 130 F. Supp.2d 610, 612 (D.N.J. 2001).

Local Civil Rule 7.1(i) permits a party to seek reconsideration by the Court of matters "which [it] believes the Court has overlooked" when it ruled on the motion.  L. Civ. R. 7.1(I); see NL Industries, Inc. v. Commercial Union Insurance, 935 F. Supp. 513, 515 (D.N.J. 1996).  The standard for reargument is high and reconsideration is to be granted only sparingly.  See United States v. Jones, 158 F.R.D. 309, 314 (D.N.J. 1994).  The movant has the burden of demonstrating either: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [issued its order]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice."  Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999)(*citing* N. River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995)).  The Court will grant a motion for reconsideration only where its prior decision has overlooked a factual or legal issue that may alter the disposition of the matter.  Compaction Sys. Corp., 88 F. Supp.2d at 345; see also L.Civ.R. 7.1(i).  "The word 'overlooked' is the operative term in the Rule."  Bowers, 130 F. Supp.2d at 612 (citation omitted); see also Compaction Sys. Corp., 88 F. Supp.2d at 345.

Ordinarily, a motion for reconsideration may address only those matters of fact or issues of law which were presented to,

9

but not considered by, the court in the course of making the decision at issue. See SPIRG v. Monsanto Co., 727 F. Supp. 876, 878 (D.N.J.), aff'd, 891 F.2d 283 (3d Cir. 1989). Thus, reconsideration is not to be used as a means of expanding the record to include matters not originally before the court. Bowers, 130 F. Supp.2d at 613; Resorts Int'l. v. Greate Bay Hotel and Casino, Inc., 830 F. Supp. 826, 831 & n.3 (D.N.J. 1992); Egloff v. New Jersey Air National Guard, 684 F. Supp. 1275, 1279 (D.N.J. 1988). Absent unusual circumstances, a court should reject new evidence which was not presented when the court made the contested decision. See Resorts Int'l, 830 F. Supp. at 831 n.3. A party seeking to introduce new evidence on reconsideration bears the burden of first demonstrating that evidence was unavailable or unknown at the time of the original hearing. See Levinson v. Regal Ware, Inc., Civ. No. 89-1298, 1989 WL 205724 at *3 (D.N.J. Dec. 1, 1989).

Moreover, L.Civ.R. 7.1(i) does not allow parties to restate arguments which the court has already considered. See G-69 v. Degnan, 748 F. Supp. 274, 275 (D.N.J. 1990). Thus, a difference of opinion with the court's decision should be dealt with through the normal appellate process. Bowers, 130 F. Supp.2d at 612 (citations omitted); Florham Park Chevron, Inc. v. Chevron U.S.A., Inc., 680 F. Supp. 159, 162 (D.N.J. 1988); see also Chicosky v. Presbyterian Medical Ctr., 979 F. Supp. 316, 318 (D.N.J. 1997); NL Industries, Inc. v. Commercial Union Ins. Co.,

10

935 F. Supp. 513, 516 (D.N.J. 1996) ("Reconsideration motions ... may not be used to re-litigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment."). In other words, "[a] motion for reconsideration should not provide the parties with an opportunity for a second bite at the apple." Tishcio v. Bontex, Inc., 16 F. Supp.2d 511, 533 (D.N.J. 1998)(citation omitted).

Here, Chanoux simply provides the Court with more factual detail concerning his accident. He attaches a self-drawn floor plan, as well as a copy of his purported state tort claim notice he filed with regard to the incident. Chanoux also repeatedly refers to his fall as an accident and the defendants' conduct as negligence or neglect. He takes issue with the fact that his accident was never investigated, which he appears to claim shows that defendants acted with deliberate indifference to the overcrowded conditions of confinement at the jail.

This Court finds that these new or additional allegations of fact or argument made by Chanoux in his amendment do not demonstrate (1) an intervening change in the controlling law as applied by this Court in its December 3, 2009 decision; (2) the availability of new evidence that was not available when this Court issued its December 3, 2009 Order; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. See Max's Seafood Café, 176 F.3d at 677. First, Chanoux does not allege anything new that could not have been

11

presented in his initial pleading. More significantly, however, his new or more detailed allegations simply support a claim of negligence, which this Court already has determined is not actionable in a § 1983 action. Further, the allegation that his accident was never investigated does not support a claim of constitutional deprivation with respect to the alleged overcrowded conditions of his confinement. In short, plaintiff has not shown that this Court has overlooked a factual or legal issue that would likely alter the disposition of the matter. See Compaction Sys. Corp., 88 F. Supp.2d at 345; see also L.Civ.R. 7.1(i). Indeed, to the extent that Chanoux continues to assert that the alleged overcrowded conditions at the jail were not addressed and led to his accident, plaintiff still has not overcome the totality of circumstances standard set forth in Hubbard II, which governs such claims alleging unconstitutional conditions of confinement. He fails to show that the conditions rose to a level of a constitutional deprivation under Hubbard II; and he fails to show that he endured these conditions of overcrowding for a substantial period of time.

Therefore, Chanoux's motion for reconsideration will be denied, and the motion to amend his Complaint to assert a conditions of confinement claim against the supervisory defendants previously dismissed from this action, will be denied for failure to state a cognizable claim of a constitutional

deprivation, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

C.  Harassment Claim

Next, it appears that Chanoux may be asserting a new claim of harassment against the unnamed correctional officers who transported him to the hospital for treatment after his accident. In particular, Chanoux alleges that the officers told plaintiff that they would shoot him and drag him back to jail if he complained.

As the United States Supreme Court has stated, "[i]ntentional harassment of even the most hardened criminals cannot be tolerated by a civilized society." Hudson v. Palmer, 468 U.S. 517, 528 (1984). The Eighth Amendment protects prisoners against calculated harassment.[3] Id. at 530. Generally, however, mere verbal harassment does not give rise to a constitutional violation. See McBride v. Deer, 240 F.3d 1287, 1291 n. 3 (10th Cir. 2001)(taunts and threats are not an Eighth Amendment violation); Oltarzewski v. Ruggiero, 830 F.2d 136 (9th Cir. 1987)(vulgar language); Rivera v. Goord, 119 F. Supp.2d 327, 342 (S.D.N.Y. 2000)(verbal harassment does not violate inmate's constitutional rights); Prisoners' Legal Ass'n v. Roberson, 822

---

[3] This Court acknowledges that plaintiff appears to have been a pretrial detainee at the time of the alleged incident, and therefore, the Eighth Amendment standard addressed here acts only as a floor for a due process inquiry into the alleged claim of harassment by certain correctional officers.

13

F. Supp. 185 (D.N.J. 1993); Murray v. Woodburn, 809 F. Supp. 383 (E.D.Pa. 1993); Douglas v. Marino, 684 F. Supp. 395 (D.N.J. 1988). Racially discriminatory statements, racial slurs and epithets, without more, also do not establish liability under § 1983. See Freeman v. Arpaio, 125 F.3d 732, 738 (9th Cir. 1997) (verbal abuse directed at religious and ethnic background does not state a cognizable constitutional violation); Black Spotted Horse v. Else, 767 F.2d 516, 517 (8th Cir. 1985); Shabazz v. Cole, 69 F. Supp.2d 177, 200-01 (D. Mass. 1999)("without even a suggestion of physical injury, [defendants'] verbal abuse and racial epithets, although continuing for a long period of time, fall short of conscience shocking conduct"); Haussman v. Fergus, 894 F. Supp. 142, 149 (S.D.N.Y. 1995); Prisoners' Legal Ass'n, 822 F. Supp. at 187-189 & n. 3 (corrections officer's use of racial slurs did not amount to constitutional violation); Wright v. Santoro, 714 F. Supp. 665, 667 (S.D.N.Y.1989), aff'd, 891 F.2d 278 (2d Cir. 1989); Knop v. Johnson, 667 F. Supp. 467 (W.D. Mich. 1987), appeal dismissed, 841 F.2d 1126 (6th Cir.1988). Allegations that prison personnel have used threatening language and gestures also are not cognizable claims under § 1983. Collins v. Cundy, 603 F.2d 825 (10th Cir. 1979)(defendant laughed at prisoner and threatened to hang him). However, threatening language coupled with the threatening use of a weapon and outrageous conduct by prison personnel may indicate a constitutional deprivation. Douglas, 684 F. Supp. at 398

14

(brandishing a butcher knife in close proximity to prisoner and threatening to kill him may amount to a constitutional violation); see also Northington v. Jackson, 973 F.2d 1518 (10th Cir. 1992)(gun was put to prisoner's head); Burton v. Livingston, 791 F.2d 97 (8th Cir. 1986)(guard threatened to shoot prisoner).

Here, Chanoux alleges only threatening language used by the correctional officers, which was not coupled with any physical attack or brandishing of a weapon.  Consequently, Chanoux reports only verbal harassment insufficient to state a claim under either the Eighth Amendment or Fourteenth Amendment, and such claim or harassment must be dismissed with prejudice.

It also appears that Chanoux may be invoking a claim of retaliation against these same correctional officers. "Retaliation for the exercise of constitutionally protected rights is itself a violation of rights secured by the Constitution ... ."  White v. Napoleon, 897 F.2d 103, 111-12 (3d Cir. 1990).  To prevail on a retaliation claim, plaintiff must demonstrate that (1) he engaged in constitutionally-protected activity; (2) he suffered, at the hands of a state actor, adverse action "sufficient to deter a person of ordinary firmness from exercising his [constitutional] rights;" and (3) the protected activity was a substantial or motivating factor in the state actor's decision to take adverse action.  Rauser v. Horn, 241 F.3d 330, 333 (3d Cir. 2001) (quoting Allah v. Seiverling, 229 F.3d 220, 225 (3d Cir. 2000)).  See also Anderson v. Davila, 125

15

F.3d 148, 160 (3d Cir. 1997) (citing Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle, 429 U.S. 274 (1977)); Thaddeus-X v. Blatter, 175 F.3d 378, 386-99 (6th Cir. 1999), cited with approval in Allah, 229 F.3d at 225.

Based on the allegations set forth in the amendment, even if true, Chanoux can not support a claim of retaliation. He does not allege that he suffered adverse action that deterred him from exercising his constitutional rights. Indeed, Chanoux continued to demand medical treatment, he filed a tort claim notice, and he filed this action despite the alleged threat to shoot him or drag him back to jail if he complained. Therefore, plaintiff's new allegations do not support a cognizable claim of retaliation under § 1983.

## IV. CONCLUSION

For the reasons set forth above, Chanoux's motion for reconsideration will be denied, and the motion to amend his Complaint (Docket entry no. 13) also will be denied, for failure to state a cognizable claim under § 1983, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). An appropriate order follows.

s/Renée Marie Bumb<br>
RENÉE MARIE BUMB<br>
United States District Judge

Dated: July 28, 2010