<u>NOT FOR PUBLICATION</u> [Dkt. No. 30]

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**
**CAMDEN VICINAGE**

---

| | |
|---|---|
| Thomas Chanoux, : | |
| : | Civil Action No.1:09-cv-02880 |
| Plaintiff, : | (RMB/KMW) |
| : | |
| v. : | |
| : | **OPINION** |
| Correctional Health Services, LLC, : | |
| : | |
| Defendant. : | |

---

<u>Appearances</u>:

Thomas Chanoux
# 199601C/638717
Southern State Correctional
4295 RT 47
Delmont, NJ 08314
    Plaintiff, <u>pro</u> <u>se</u>

Stephen E. Siegrist, Esq.
O'Connor Kimball, LLP
51 Haddonfield Road, Suite 330
Cherry Hill, NJ 08002
    Attorneys for Defendant

**Bumb**, United States District Judge

    Defendant Correctional Health Services, LLC ("Defendant") moves for summary judgment dismissing the Complaint filed by <u>pro se</u> Plaintiff Thomas Chanoux ("Plaintiff"). Plaintiff filed no

1

response to Defendant's motion.[1]  For the following reasons, Defendant's motion is granted.

## I. BACKGROUND[2]

---

[1] Plaintiff did file a motion to appoint pro bono counsel, which this Court denied on June 9, 2011.  See Dkt. Ent. 35.

[2] As noted, Plaintiff filed no response Defendants' summary judgment motion.  Pursuant to Civil Rule 56(e),

> [i]f a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may:
>
> (1) give an opportunity to properly support or address the fact;
>
> (2) consider the fact undisputed for purposes of the motion;
>
> (3) grant summary judgment if the motion and supporting materials--including the facts considered undisputed--show that the movant is entitled to it; or
>
> (4) issue any other appropriate order.

Local Rule 56.1 further mandates:

> The opponent of summary judgment shall furnish...a responsive statement of material facts, addressing each paragraph of the movant's statement, indicating agreement or disagreement and, if not agreed, stating each material fact in dispute and citing to the affidavits and other documents submitted in connection with the motion; any material fact not disputed shall be deemed undisputed for purposes of the summary judgment motion.

Id.
    However, the Court is mindful of Plaintiff's pro se status: "[w]here the plaintiff is a pro se litigant, the court has an obligation to construe the complaint liberally."  Giles v. Kearney, 571 F.3d 318, 322 (3d Cir. 2009).  The Court further recognizes that "an inmate who is proceeding pro se[] is in a decidedly difficult position from which to generate 'record evidence' on his behalf...."  Id. at 326 (quoting Brooks v

While incarcerated at the Cape May County Correctional Center ("CMCCC"), Plaintiff "tripped over [an] inmate who was placed (housed) on the 'floor'" of the CMCC.  See Defendant's Statement of Facts ("Def. SOF") ¶ 1; Compl. ¶ 6, page 6. Although Plaintiff's pleadings do not identify the date of the incident, on March 14, 2009, a nurse saw Plaintiff at approximately 6:40 in the evening, after he tripped and fell, hitting his face and nose on a metal bunk.  Def. SOF ¶ 6.  Staff observed that Plaintiff had an open area on the bridge of his nose and noted bleeding and swelling.  Id. at ¶ 7.  Plaintiff was transferred to the emergency room at Cape Regional Medical Center, where he underwent x-rays of his cervical spine and nose. Id. at ¶¶ 7-8.  Medical staff diagnosed Plaintiff with a broken nose, sutured the laceration on his nose and prescribed Plaintiff Bacitracin and Erthromycin.  Id. at ¶ 8.

On March 15, 2009, Dr. Reuben Ash at CMCCC issued Plaintiff prescriptions for Erthromycin, triple antibiotic ointment and 600 milligrams of Motrin.  Id. at ¶ 9.  On March 19, 2009, Dr. Ash removed Plaintiff's sutures and cleaned his wound.  Id. at ¶ 10.

---

Kyler, 204 F.3d 102, 109 (3d Cir. 2000) (internal quotation marks omitted)).  Nonetheless, "pro se plaintiffs are not relieved of the obligation to set forth facts sufficient to survive summary judgment."  Jacobs v. Cumberland County Dept. of Corrections, Civ. No. 09-0133, 2010 WL 5141717, at *3 (D.N.J.  Dec. 8, 2010) (citing Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Zilich v. Lucht, 981 F.2d 694, 695-96 (3d Cir. 1992)).

3

Medical staff also saw Plaintiff that day for pain in his left ankle or foot. Id. On April 7, 2009, Plaintiff reported neck pain and requested a "real doctor." Id. at ¶ 11. Records indicate that medical staff saw Plaintiff and prescribed Naprosyn and Baclofem. Id. On April 22, 2009, Dr. David Anapolle of Pace Orthopedics and Sports Medicine diagnosed Plaintiff with a right wrist sprain. Id. at ¶ 12. Dr. Anapolle also ordered x-rays on Plaintiff's left ankle and right wrist, which were taken on April 23, 2009. Id. at ¶¶ 12-13.

On May 4, 2009, Dr. Ash prescribed Plaintiff Percogesic. Id. at ¶ 14. Dr. Ash saw Plaintiff again on May 7, when Plaintiff reported accidentally hitting his nose. Id. at ¶ 15. Dr. Ash prescribed Plaintiff Robaxin and ordered a consultation with an Ear, Nose and Throat ("ENT") doctor. Id. Plaintiff saw Dr. Louis Rondinella, an ENT specialist, on May 20, 2009. Id. at ¶ 16. Dr. Rondinella concluded that Plaintiff had a mild nasal fracture, which did not require surgery, and cauterized Plaintiff's nasal vessels to treat his epistaxis. Id. Medical records do not indicate that Plaintiff sought treatment for his nose after May 20, 2009. Id. at ¶ 17.

Plaintiff brought suit on June 12, 2009, alleging that Defendant denied him medical care.[3] Plaintiff also filed an

---

[3]   Plaintiff also alleged claims against other Defendants, which this Court previously dismissed. See Dkt. Ent. 6.

4

Amended Complaint on February 8, 2010, see Dkt. Ent. 13, which the Court construed as a motion to seek leave to amend. Upon its review, the Court concluded that the amended pleading failed to state any viable new claims. See Dkt. Ent. 16.

## II. SUMMARY JUDGMENT STANDARD

Summary judgment should be granted if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). "An issue is genuine only if there is a sufficient evidentiary basis on which a reasonable jury could find for the non-moving party, and a factual dispute is material only if it might affect the outcome of the suit under governing law." Kaucher v. County of Bucks, 455 F.3d 418, 423 (3d Cir. 2006) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)).

"If the non-moving party bears the burden of persuasion at trial, 'the moving party may meet its burden on summary judgment by showing that the nonmoving party's evidence is insufficient to carry that burden.'" Id. (quoting Wetzel v. Tucker, 139 F.3d 380, 383 n. 2 (3d Cir. 1998)). Upon such a showing, the burden shifts to the non-moving party to produce evidence of a genuine, factual dispute. Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986). The non-movant's burden is rigorous: it "must point to concrete evidence in the record;" mere allegations, conclusions,

5

conjecture and speculation will not defeat summary judgment. Orsatti v. N.J. State Police, 71 F.3d 480, 484 (3d Cir. 1995).

When considering a summary judgment motion, the Court does not weigh evidence; rather, all reasonable "inferences, doubts, and issues of credibility should be resolved against the moving party." Meyer v. Riegel Products Corp., 720 F.2d 303, 307 n. 2 (3d Cir. 1983). However, a mere "scintilla of evidence," without more, will not give rise to a genuine issue for trial. Anderson, 477 U.S. at 252. Summary judgment is appropriate "where the record ... could not lead a rational trier of fact to find for the nonmoving party...." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). "Summary judgment motions thus require judges to 'assess how one-sided evidence is, or what a "fair-minded" jury could "reasonably" decide,' ...." Williams v. Borough of West Chester, Pa., 891 F.2d 458, 460 (3d Cir.1989) (quoting Anderson, 477 U.S. at 265 (Brennan, J., dissenting)).

### III. ANALYSIS

Plaintiff asserts his claim pursuant to 42 U.S.C. § 1983, which provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage of any State...subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

6

Id. Therefore, to succeed on his claims, Plaintiff must establish two elements: (1) "the violation of a right secured by the Constitution and laws of the United States" and (2) "that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988).

"As in any action under § 1983, the first step is to identify the exact contours of the underlying right said to have been violated." County of Sacramento v. Lewis, 523 U.S. 833, 842 n. 5 (1998). Plaintiff alleges that Defendant failed to provide medical care for the injuries he sustained as a result of his fall. At the time of the incident, Plaintiff appears to have been a pretrial detainee.[4]

For pretrial detainees, denial of medical care claims are considered under the Due Process Clause of the Fourteenth Amendment, rather than the Eighth Amendment. See City of Revere v. Mass. Gen. Hosp., 463 U.S. 239, 243-45 (1983)(holding that the Due Process Clause of the Fourteenth Amendment, rather than the Eighth Amendment, controls the issue of whether prison officials must provide medical care to those confined in jail awaiting

---

[4] Neither party has objected to the Court's prior classification of Plaintiff as a pretrial detainee. See Dkt. Ent. 6. Moreover, the Fourteenth Amendment standard, which applies to denial of medical care claims brought by pretrial detainees, provides "at least as great as the Eighth Amendment protections available to a convicted prisoner." Natale v. Camden County Correctional Facility, 318 F.3d 575, 582 (3d Cir. 2003)(quoting City of Revere, 463 U.S. at 244).

7

trial); Hubbard v. Taylor, 399 F.3d 150, 158 (3d Cir. 2005); Fuentes v. Wagner, 206 F.3d 335, 341 n.9 (3d Cir. 2000); Monmouth Cnty. Corr. Institutional Inmates v. Lanzaro, 834 F.2d 326, 346 n. 31 (3d Cir. 1987). See also Montgomery v. Ray, 145 Fed. Appx. 738, 740 (3d Cir. 2005)("the proper standard for examining such claims is the standard set forth in Bell v. Wolfish,...; i.e. whether the conditions of confinement (or here, inadequate medical treatment) amounted to punishment prior to adjudication of guilt....")(citing Hubbard, 399 F.3d at 158).  There is some ambiguity as to whether the Fourteenth Amendment provides greater protection than the Eighth Amendment, however it is established that the Fourteenth Amendment provides pretrial detainees protections "at least as great as the Eighth Amendment protections available to a convicted prisoner."  Natale, 318 F.3d at 582 (quoting Revere, 463 U.S. at 244).  See also Hubbard, 399 F.3d at 165-67 (holding that the Eighth Amendment standard only acts as a floor for due process inquiries into medical and non-medical conditions of pretrial detainees).

     Accordingly, the Third Circuit has evaluated a pretrial detainee's Fourteenth Amendment claim for inadequate medical care under the standard used to evaluate similar claims brought under the Eighth Amendment.  See Natale, 318 F.3d at 582.  In order to establish an Eighth Amendment violation in this context, a plaintiff must demonstrate:  (1) a serious medical need; and (2)

8

behavior on the part of prison officials that constitutes deliberate indifference to that need. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Natale, 318 F.3d at 582.

To satisfy the first prong of the Estelle inquiry, the plaintiff must demonstrate that his medical needs are serious. "Because society does not expect prisoners will have unqualified access to health care, deliberate indifference to medical needs amounts to an Eighth Amendment violation only if those needs are 'serious.'" Hudson v. McMillan, 503 U.S. 1, 9 (1992)(citing Estelle, 429 U.S. at 103-04). The Third Circuit has defined a serious medical need as: (1) "one that has been diagnosed by a physician as requiring treatment;" (2) "one that is so obvious that a lay person would recognize the necessity for a doctor's attention;" or (3) one for which "the denial of treatment would result in the unnecessary and wanton infliction of pain" or "a life-long handicap or permanent loss." Atkinson v. Taylor, 316 F.3d 257, 272-73 (3d Cir. 2003)(internal quotations and citations omitted); see also Monmouth Cnty. Corr. Institutional Inmates, 834 F.2d at 347.

The second element of the Estelle test requires an inmate to show that prison officials acted with deliberate indifference to his serious medical need. See Natale, 318 F.3d at 582 (finding deliberate indifference requires proof that the official knew of and disregarded an excessive risk to inmate health or safety).

9

"Deliberate indifference" is more than mere malpractice or negligence; it is a state of mind equivalent to reckless disregard of a known risk of harm. Farmer v. Brennan, 511 U.S. 825, 837-38 (1994). Furthermore, a prisoner's subjective dissatisfaction with his medical care does not in itself indicate deliberate indifference. Andrews v. Camden Cnty., 95 F. Supp.2d 217, 228 (D.N.J. 2000); Peterson v. Davis, 551 F. Supp. 137, 145 (D. Md. 1982), aff'd, 729 F.2d 1453 (4th Cir. 1984). Similarly, "mere disagreements over medical judgment do not state Eighth Amendment claims." White v. Napoleon, 897 F.2d 103, 110 (3d Cir. 1990)(internal quotations and citations omitted). "Courts will disavow any attempt to second-guess the propriety or adequacy of a particular course of treatment... [which] remains a question of sound professional judgment." Inmates of Allegheny Cnty. Jail v. Pierce, 612 F.2d 754, 762 (3d Cir. 1979)(internal quotation and citation omitted). Even if a doctor's judgment concerning the proper course of a prisoner's treatment ultimately is shown to be a mistake, at most what would be proved is medical malpractice and not an Eighth Amendment violation. Estelle, 429 U.S. at 105-06; White, 897 F.2d at 110.

The Third Circuit has found deliberate indifference where a prison official: (1) knows of a prisoner's need for medical treatment but intentionally refuses to provide it; (2) delays necessary medical treatment for non-medical reasons; or (3)

10

prevents a prisoner from receiving needed or recommended treatment. See Rouse v. Plantier, 182 F.3d 192, 197 (3d Cir. 1999). The court also has held that needless suffering resulting from the denial of simple medical care, which does not serve any penological purpose, violates the Eighth Amendment. Atkinson, 316 F.3d at 266; see also Monmouth Cnty. Corr. Institutional Inmates, 834 F.2d at 346 ("deliberate indifference is demonstrated '[w]hen ... prison authorities prevent an inmate from receiving recommended treatment for serious medical needs or deny access to a physician capable of evaluating the need for such treatment"); Durmer v. O'Carrol, 991 F.2d 64, 67 (3d Cir. 1993); White, 897 F.2d at 112.

Plaintiff fails to provide any evidence demonstrating that medical staff deliberately disregarded his medical needs. Defendant, by contrast, has produced numerous medical records showing that Plaintiff received extensive treatment while incarcerated at CMCCC. Simply put, no reasonable juror, based on the evidence presented, could find that Defendant was deliberately indifferent to Plaintiff's medical needs.

**VI. CONCLUSION**

    For the reasons stated above, the Court grants Defendant's Motion for Summary Judgment, and dismisses Plaintiff's claim with prejudice.

                                               s/Renée Marie Bumb
                                               RENÉE MARIE BUMB
                                               United States District Judge

Dated: July 20, 2011

**VI. CONCLUSION**

For the reasons stated above, the Court grants Defendant's Motion for Summary Judgment, and dismisses Plaintiff's claim with prejudice.

                    s/Renée Marie Bumb
                    RENÉE MARIE BUMB
                    United States District Judge

Dated: July 20, 2011